UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYANN MILLER,

    Plaintiff,

    v.

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION,

    Defendant.
_____/

Case No. 20-cv-11122

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT [ECF No. 102];
(2) MOOTING DEFENDANT'S MOTION TO STRIKE AND PRECLUDE PLAINTIFF FROM USING NEWLY SUBMITTED EXHIBITS AT TRIAL [ECF NO. 104];
(3) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 105];
(4) DENYING PLAINTIFF'S ORAL MOTION "TO EXCLUDE COLLATERAL MATTERS"; AND
(5) DENYING PLAINTIFF'S ORAL MOTION TO STRIKE JUROR NO. 11; AND
(6) CORRECTING DOCKET SHEET**

I.     **Introduction**

Plaintiff Gayann Miller ("Miller" or "Plaintiff") brings claims against Defendant Suburban Mobility Authority for Regional Transportation ("SMART" or "Defendant") for disparate treatment on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and in violation of the Elliot

1

Larsen Civil Rights Act, ("ELCRA"), M.C.L. 37.2101 *et seq*. Discovery closed on September 30, 2021, the Court has decided discovery motions, dispositive motions, and motions *in limine*. Trial began on January 10, 2024.

Presently before the Court are several matters. (1) Defendant's Motion For Leave to File Summary Judgment or For Alternative Relief [ECF No. 102]; (2) Defendant's Motion to Strike and Preclude Plaintiff From Using Newly Submitted Exhibits at Trial [ECF No. 104]; and (3) Plaintiff's Motion for Reconsideration of Order Striking Gerald Burns as A Witness [ECF No. 105]. All the Motions were filed on the eve of trial. The Court heard oral argument on January 10, 2024, on the day of trial.

For the reasons stated on the record, Defendant's Motion for Leave is **DENIED**. Notably, Defendant's Motion for Leave asserts that, since the Court struck Burns as a witness, Plaintiff did not have enough evidence to proceed to trial. As stated on the record, however, Burns recently became available to testify live at trial, which eliminated the need to use his *de benne esse* deposition transcript at trial.[1] The Court will therefore **GRANT** Plaintiff's Motion for Reconsideration and allow Burns to testify at trial. As stated further stated on the record, because Burns will be allowed to testify at trial, Plaintiff's Motion for Leave is without merit.

---

[1] The Court was notified of Burns' availability after it enter its Opinion and Order striking him as a witness [ECF No. 100].

Additionally, during trial Plaintiff made and argued an oral motion to "exclude collateral matters" under Fed. R. Civ. P. 608. For the reasons stated on the record, Plaintiff's motion to exclude is **DENIED**. Notably, Plaintiff moved the Court to preclude any cross examination of Burns about his previous unavailability for trial, his cancer diagnosis, his fundamental change in testimony he gave during a previous deposition, and his reasons for now changing that testimony. Rule 608 provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." The Court entered an Opinion and Order discussing these so-called "collateral matters" and how they weigh on Burns' character for truthfulness. See ECF No. 100. As stated on the record, Rule 608 does not bar Defendant from cross examining Burns on these matters, to the extent that are probative of his character for truthfulness. Plaintiff's oral motion to preclude cross examination of Burns is without merit.

The parties resolved Defendant's Motion to Strike and Preclude Plaintiff From Using Newly Submitted Exhibits at Trial [ECF No. 104]. For the reasons stated on the record, the Motion is **MOOT**.

Plaintiff also made and argued an oral motion to strike juror no. 11. For the reasons stated on the record, this motion is **DENIED**. Additionally, the docket sheet for this case currently states that the oral motion to strike juror no. 11 was made by Defendant. Though the oral motion was in fact made by Plaintiff. It is **ORDERED** that the docket must be amended to state simply that the motion was made, without indicting which party made the oral motion.

For the reasons stated on the record, (1) Defendant's Motion For Leave to File Summary Judgment or For Alternative Relief [ECF No. 102] is **DENIED**; (2) Defendant's Motion to Strike and Preclude Plaintiff From Using Newly Submitted Exhibits at Trial [ECF No. 104] is **MOOT**; (3) Plaintiff's Motion for Reconsideration of Order Striking Gerald Burns as A Witness [ECF No. 105] is **GRANTED**; Plaintiff's oral motion "to exclude collateral matters" is **DENIED**; and Plaintiff's oral motion to strike juror no. 11 is **DENIED**.

**SO ORDERED.**

Dated:  January 18, 2024                     /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
January 18, 2024, by electronic and/or ordinary mail.

s/ Lisa C. Bartlett
Case Manager

5