**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GAYANN MILLER

Plaintiff,

CASE NO. 2:20-CV-11122
HON. GERSHWIN A. DRAIN

v

SUBURBAN MOBILITY AUTHORITY,
for REGIONAL TRANSPORTATION,

Defendant.

---

JAMES B. RASOR (P43476)
AMANDA G. WASHBURN (P86984)
RASOR LAW FIRM PLLC
Attorneys for Plaintiff
201 E. 4th Street
Royal Oak, MI 48067
(248) 543-9000; Fax 543-9050
jbr@rasorlawfirm.com

HEIDI D. HUDSON (P32495)
CAMERON R. GETTO (P57300)
Zausmer, PC
Attorneys for Defendant,
Suburban Mobility Authority for
Regional Transportation
32255 Northwestern Hwy Ste 225
Farmington Hills, Michigan 48334
(248) 851-4111; Fax (248) 851-0100
hhudson@zausmer.com

---

**PLAINTIFF'S MOTION FOR AN ORDER AWARDING ATTORNEY FEES AND OTHER COSTS**

NOW COMES Plaintiff, Gayann Miller, by and through her attorneys, and for her Motion for an Order Awarding Attorney Fees and Other Costs, states as follows:

1. On January 26, 2024, this Court entered a judgment in favor of Plaintiff.
2. Fed. R. Civ. P. 54(d) allows a prevailing party to bring a motion for costs and attorney's fees.
3. By virtue of this judgment, Plaintiff is the prevailing party in this action.

4. Section 706(k) of Title VII, 42 USC §2000e5(k) provides in relevant part that "in any action or proceeding under this Title, the Court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as a part of the costs ..." Similarly, Michigan's Elliott-Larsen Civil Rights Act provide in part that "(a) Court, in rendering judgment in an action brought pursuant to this Article, may award all or a portion of the costs of the litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the Court determines that the award is appropriate." MCLA § 37.2802.

5. As indicated in the contemporaneous, itemized time records appended hereto as Exhibit 1, Plaintiff has to date documented attorney fees and costs in the amount of **$428,466.66**.

6. Pursuant to the Local Rules, Plaintiff sought concurrence in the relief requested in this motion, but it was not forthcoming.

WHEREFORE, Plaintiff respectfully requests that her Motion for Order Awarding Attorneys' Fees and Other Costs be GRANTED, and that the Court award Plaintiff the reasonable attorneys' fees, expenses, and other out-of-pocket litigation costs set forth in her Motion, as well as such other and additional relief that the Court deems just and appropriate.

Respectfully submitted,

RASOR LAW FIRM, PLLC

*/s/James B. Rasor*
James B. Rasor (P43476)
Amanda G. Washburn (P86984)
Attorneys for Plaintiff
201 E. Fourth St.
Royal Oak, MI 48067
248-543-9000
jbr@rasorlawfirm.com

Date: February 9, 2024

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GAYANN MILLER

Plaintiff,

CASE NO. 2:20-CV-11122
HON. GERSHWIN A. DRAIN

v

SUBURBAN MOBILITY AUTHORITY,
for REGIONAL TRANSPORTATION,

Defendant.

---

JAMES B. RASOR (P43476)
AMANDA G. WASHBURN (P86984)
RASOR LAW FIRM PLLC
Attorneys for Plaintiff
201 E. 4th Street
Royal Oak, MI 48067
(248) 543-9000; Fax 543-9050
jbr@rasorlawfirm.com

HEIDI D. HUDSON (P32495)
CAMERON R. GETTO (P57300)
Zausmer, PC
Attorneys for Defendant,
Suburban Mobility Authority for
Regional Transportation
32255 Northwestern Hwy Ste 225
Farmington Hills, Michigan 48334
(248) 851-4111; Fax (248) 851-0100
hhudson@zausmer.com

---

**BRIEF IN SUPPORT**

## STATEMENT OF QUESTION PRESENTED

I. Whether this Court should award Plaintiff attorneys fees and costs as the prevailing party in this action?

II. What amount should the Court award Plaintiff in attorneys' fees and costs?

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

Section 706(k) of Title VII, 42 USC §2000e5(k) provides in relevant part that "in any action or proceeding under this Title, the Court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as a part of the costs ..." Similarly, Michigan's Elliott-Larsen Civil Rights Act provide in part that "(a) Court, in rendering judgment in an action brought pursuant to this Article, may award all or a portion of the costs of the litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the Court determines that the award is appropriate." MCLA § 37.2802.

## INTRODUCTION AND STATEMENT OF FACTS

In order to vindicate her rights under Title VII and the Elliott-Larsen Civil Rights Act, Plaintiff had to retain counsel and incur substantial litigation costs.

Plaintiff is clearly the "prevailing party" in this action because she prevailed at Trial. For all these reasons, as more fully explained below, Plaintiff is entitled to a fully compensatory award of attorneys' fees, including expert witness fees, as well as an award of the out-of-pocket expenses and other litigation costs incurred in vindicating her claims in this action.

## ARGUMENT

As demonstrated below, as the prevailing party in this action, Plaintiff is entitled to (1) recovery of the attorneys' fees incurred by them in vindicating their rights; and (2) recovery of other out-of-pocket expenses and litigation costs in this action. There are two alternative and equally authoritative grounds for this recovery: Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k); and Sections 801(3) and 802 of Michigan's Elliott-Larsen Act, M.C.L. § 37.2802. As explained below, both statutes authorize, and the history of this litigation warrants, an award of the attorney fees and other litigation costs incurred by Plaintiff. Further, given the difficulty and complexity of this case, Plaintiff respectfully requests a fee enhancement if deemed just and appropriate by this Court.

## I. PLAINTIFF SHOULD RECOVER THE ATTORNEY FEES, EXPERT WITNESS FEES, AND OTHER LITIGATION EXPENSES INCURRED IN THIS ACTION PURSUANT TO 42 U.S.C. § 2000c-5(k).

### A. Plaintiff Should Recover the Full Amount of Attorneys' Fees Incurred.

#### 1. Plaintiff is the "prevailing party" in this action.

Pursuant to 42 U.S.C. § 2000e-5(k), "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs ...." Thus, in order to recover her attorneys' fees under Section 706 (k) of Title VII, plaintiff must be the "prevailing party" in this action. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)("A plaintiff must be a 'prevailing party' to recover an attorney's fee under § 1988."). Plaintiff is clearly the prevailing party in this action.

#### 2. The attorneys' fees and costs requested by Plaintiff are reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. at 433. See also, *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d at 349 ("The trial court's initial point of departure, when calculating a 'reasonable' attorney fee, should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by this court ascertained reasonable hourly rate.") As the Supreme Court explained in *Hensley*, "this calculation provides an objective basis on which to make

an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id*. at 433.

The trial judge may then, within limits, adjust the lodestar to reflect relevant considerations peculiar to the subject litigation. *Adcock-Ladd v. Secretary of Treasury, supra* at 349. The court may consider several factors in adjusting the lodestar, but a "highly important" factor for the Court's consideration is the result achieved by the litigation. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Adcock-Ladd, supra* at 349 (quoting Hensley, supra at 435); *Blum v. Stenson, supra* at 901. Other factors include, but are not limited to: the time and labor required by a case; the novelty and difficulty of the questions presented; and the skill needed to perform the legal service properly. *Adcock-Ladd, supra* at 349 & n. 8 (quoting *Reed v. Rhodes*, 179 F.3d 453, 471-472 n. 3 (6th Cir. 1999) (citation omitted)). Cf, *Hamlin v. Charter Township of Flint,* 165 F.3d 426, 437-438 (6th Cir. 1999) (reversing district court for its reduction of attorney fee award by 50%, where district court stated in part that it had to expend a "great deal of time" to research, as an abuse of discretion).

**a. Hours Reasonably Expended on the Litigation**

Plaintiff bases her attorney fee request in this action upon her attorneys' contemporaneous time records. These records show by date the hours expended by each attorney, in tenths of an hour, and describe for each entry the specific nature of

the work performed. This is the preferred method of determining the hours reasonably expended on the litigation. See, e.g., *Kirsch v. Fleet Street, Ltd*., 148 F.3d 149, 173 (2nd Cir. 1998) ("Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended and the nature of the work done"); *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319,1327 (D.C. Cir. 1982)("the better practice is to prepare detailed summaries based on contemporaneous time records"); cf, *Alberti v. Klevenhagen*, 896 F.2d 927, 931-34 (vacating the district court's finding that all hours billed were appropriate; there were no contemporaneous time records), vacated on other grounds, 903 F.2d 352 (5th Cir. 1990); *Moore v. University of Notre Dame*, 22 F. Supp.2d 896, 911 (N.D. Ind. 1998)(reducing award by 20% for inadequate documentation).

Plaintiff was represented by a team of experienced litigators. The fact that Plaintiff, like Defendant, chose to divide the trial work and trial preparation among several experienced attorneys rather than assigning it all to a single lawyer is not a basis for a reduction of the hours expended on the matter. See, e.g., *Lockhard v. Pizza Hut, Inc*., 162 F.3d 1062, 1077 (10th Cir. 1998)("[t]ime spent by two attorneys on the same general task is not... per se duplicative. Careful preparation often requires collaboration and rehearsal....''); *Altman v. Port Authority of New York & New Jersey*, 879 F. Supp. 345, 354 (S.D.N.Y. 1995)(court refused to reduce fee award because two attorneys tried age discrimination and retaliation case); *Wahad*

*v. Coughlin*, 870 F. Supp. 506, 507 (S.D.N.Y. 1994) (court allowed recovery of fees for time spent in conferences between attorneys, finding that billing entries regarding such conferences were sufficiently specific and detailed).

In sum, Plaintiff should recover attorney's fees and costs based upon all of the hours expended by their counsel in this action, as reflected in the summary of their contemporaneous time records which is appended as Exhibit 1 to the Motion. See, e.g., *Hensley v. Eckerhart, supra* at 435 ("Where a plaintiff has obtained excellent results, his attorney should recovery a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation...."); *Adcock-Ladd v. Secretary of Treasury, supra* at 350 ["Generally, a 'strong presumption' favors the prevailing lawyer's entitlement to his lodestar fee." (citations omitted)].

**b. Reasonable Hourly Rate**

In *Blum v. Stenson, supra*, the United States Supreme Court concluded that "(t)he statute and legislative history establish that 'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community...." *Id*. at 895. Accordingly, the United States Court of Appeals for the Sixth Circuit has observed that "(a) trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the 'prevailing market rate in the relevant community.' " *Adcock-Ladd v. Secretary of Treasury, supra* at 350 (emphasis in original)(citation omitted). In *Adcock-Ladd*, for example, the Sixth Circuit found that the District Court had abused its discretion in failing to

compute a Washington, D.C. attorney's fee at the $300 per hour rate prevailing in that community, where he was retained solely for the purpose of deposing a government bureaucrat in the nation's capital. *Id*. at 350-351.

Here, Plaintiff's attorneys' fee request is based upon rates ranging from $1500 per hour for lead counsel James B. Rasor to $450 per hour for Andrew Laurila, Katelyn Clements, and Amanda Washburn, to $300 per hour for Michael Laurila, to $150 per hour for paralegals. In support of their fee request, Plaintiff has submitted an affidavit detailing the experience of each of these attorneys and paralegals. (Exhibit 2).

In addition, Plaintiff has submitted the affidavit of attorney Michael L. Pitt. (Ex. 3). Indeed, peer review is an important factor in the Court's determination of the professional standing and experience of an attorney. Attorney Michael L. Pitt has authored an Affidavit in this matter in which he details not only his unapparelled credentials, but also his personal knowledge of the undersigned's stellar reputation in the legal community. Mr. Pitt was the past President of the Michigan Association of Justice, is a published author, a presenter at location and national associations, has won the prestigious awards State Bar of Michigan Champion of Justice Award in 2014, and has conducted Trial Seminars for the Federal Bar Association. Mr. Pitt, after knowing Mr. Rasor for over 25 years, and knowing of his results in litigation and public service, determined that "James B. Rasor is of the highest caliber of personal injury, employment, and civil rights attorneys in Michigan. He has the

reputation as possessing integrity, skill, and ingenuity. I would rate him as being in top echelon of personal injury, employment, and civil rights attorneys in Michigan."

In *Blum v. Stenson, supra*, the United States Supreme Court indicated that to inform and assist the court in determining a reasonable hourly rate, the fee applicant should "produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895, n. 11. The Court also indicated that "(a) rate determined in this way is normally deemed to be reasonable, and is referred to - for convenience - as the prevailing market rate." *Id*. Here, Plaintiff relies on the affidavit of experienced local litigator Michael L. Pitt, the affidavit of James B. Rasor, and the 2023 Michigan Economics of Law Survey - using the method for satisfying the burden recognized in *Blum* which was approved by the Sixth Circuit in *Wells v. New Cherokee Corp.,* 58 F.3d 233, 239-240 (6th Cir. 1995)("In the second affidavit, a local practitioner with considerable experience in the field of antidiscrimination law stated that he had reviewed the litigation and the attorneys' fees and that they were reasonable for the jurisdiction. We find this information adequate for the district court to make an informed decision in accepting the attorneys' hourly rates and awarding them fees based on those rates.").

## I. Evidence Filed in Support of the Fee Petition

Plaintiff is filing the following evidence in support of this fee petition:

A. The declaration of James B. Rasor supporting his review of the billing and costs, as well as the qualifications of his staff;

B. Billing and Cost Records

C. Affidavit of Michael L. Pitt

**1. Billing Rate for James B. Rasor**

Courts ordinarily look to community market rates to determine a reasonable hourly rate for the lodestar calculation. See *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995). Community market rates are "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 896 (1984)); *Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737, 746 (E.D. Mich. 2014).

James B. Rasor has over 33 years of experience as a civil rights trial lawyer. Mr. Rasor is a principal of his firm, Rasor Law Firm, PLLC. Rasor Law Firm, PLLC has been located in the City of Royal Oak for over 29 years. An hourly billing rate of $1500.00 is reasonable for an attorney with his specialized skill, reputation, and experience. It is also appropriate for the Court to consider that, although his hourly billing rate is on the high end, it is not outside the range of local rates. See Economics of Law Practice in Michigan (2023).[1]

In the past several years, James has had the following verdicts[2]:

[1] https://www.michbar.org/file/pmrc/articles/0000155.pdf

[2] During the same period, the Rasor Firm has settled hundreds of cases worth millions of dollars.

| Year | Case | Resolution | County | Subject Matter | Verdict/ Settlement |
|---|---|---|---|---|---|
| 2022 | Chatman | Jury Trial | Washtenaw | Med Mal | 2,880,000 |
| 2021 | Confidential | Jury Trial | Wayne | Auto | 2,175,000 |
| 2019 | Greer | Jury Trial | Wayne | Med Mal | 3,290,000 |
| 2018 | Miller | Jury Trial | Macomb | Auto | 1,560,000 |
| 2014 | Confidential[3] | Jury Trial/Settlement | Wayne | Employment | 1,000,000 |
| 2012 - 2015 | Hester[4] | Jury Trial/ Appeal/Settlement | Wayne | Employment | 1,200,000 |
| 2015 | Mobley | Jury Trial | Oakland | Employment | 585,000 |
| 2015 | Confidential | Jury Trial | Oakland | Auto | 500,000 |

These results are not those of a median lawyer by any stretch of the imagination. Nor are they a lawyer who receives a "B" on an assignment. These are upper echelon A+ results by a seasoned trial lawyer, as confirmed by the Affidavit of Michael L. Pitt. Moreover, Mr. Rasor, having spent a decade in civic government including being an elected official, brought specialized knowledge of governmental relations and municipal law to this action, which involved a quasi-governmental entity.

**2. Billing Rate for Attorney Amanda Washburn**

Attorney Amanda Washburn has over 8 years of experience in the legal field. Ms. Washburn attended the University of Detroit Mercy School of Law on a scholarship due to her academic achievements. Ms. Washburn earned awards for

[3] Attorney Jonathan Marko was 2nd Chair on this Trial.
[4] Attorney Jonathan Marko was 2nd Chair on this Trial.

earning the top grade in the majority of her legal research and writing classes in law school and graduated in the top 20 percent of her class. She was admitted to the Michigan Bar in 2023 after scoring in the 99th percentile on the bar and serving as a law clerk for the undersigned for many years. She has second-chaired multiple trials with James Rasor. As such, her reasonable billing rate should be determined to be $450/hour.

**3. Billing Rate for Attorney Andrew Laurila**

Andrew Laurila has over 10 years of experience as an attorney, which has largely focused on employment law and civil rights litigation. He earned his undergraduate degree from the University of Michigan and his JD from Western Michigan School of Law/Cooley Law School. He did an incredible amount of stellar work on this case prior to leaving the firm. As such, his reasonable billing rate should be determined to be $450/hour.

**4. Billing Rate for Michael Laurila**

Michael Laurila was a law school graduate awaiting bar results at the time he worked on this case. He had years of experience as a law clerk specializing in legal research and writing on complex civil matters. He earned his undergraduate degree from the University of Michigan and his JD from the University of Missouri-Kansas School of Law. As such, his reasonable billing rate should be determined to be $300/hour.

### 5. Billing Rate for Paralegals & Legal Assistant

Plaintiff's lodestar calculation uses a rate of $150.00 per hour for Paralegals Shannon Sofer, Stephanie Moore, and Shelby DeFelice. As the detailed time records show, the time captured does not include activities that are "purely clerical or secretarial tasks [that] should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Instead, the time sheets reflect only substantive work that is expected of a professional paralegal and law clerk. Moreover, the attached Affidavit of James B. Rasor sets forth the high level of education and experience of these paralegals, which further justifies their requested billing rate.

In *Jones v. United Adjustment Corp*., No. 2:20-CV-11359, 2022 WL 4078889, at *2 (E.D. Mich. Sept. 6, 2022), the Court found that a paralegal billing rate of $160.00 per hour was reasonable and commensurate with other recent rulings in this Court. *See also Greene v. Equifax Info. Servs., LLC*, No. 19-CV-11094, 2021 WL 5444768, at *2 (E.D. Mich. Mar. 15, 2021) (approving a $160 hourly rate for paralegal services); *Atallah v. L. Off. of Timothy E. Baxter, P.C.*, No. 12-CV-11618, 2013 WL 866477, at *2 (E.D. Mich. Mar. 7, 2013) (approving a $140 hourly rate for paralegal services).

In sum, the hourly rates requested by Plaintiff for the team of attorneys and paralegals are in line with-if not below-- those prevailing in the community for

similar services by lawyers and paralegals of reasonably comparable skill, experience, and reputation.

**c. Enhancement**

Plaintiff also respectfully requests an upward adjustment of the lodestar in this case. Plaintiff does not request any particular multiplier as a fee enhancement, but rather rely solely on the discretion and judgment of this Court to make such a determination in the circumstances of this case. Plaintiff believes that a fee enhancement of some degree is appropriate under the criteria set forth in *Paschal v. Flagstar Bank, FSB*, 297 F.3d 431, 435 (6th Cir. 2002), where the Sixth Circuit affirmed this Court's order for a fifty percent enhancement of the attorney's fee award because: the attorneys did an “excellent job” at trial; the case involved claims of discriminatory treatment which were difficult to prove, i.e. mortgage lending practices; the marshaling of evidence was arduous and time-consuming; and the hourly rates used in the lodestar calculation were “relatively modest.”

Indeed, there is illuminating discussion about the relative skill of trial lawyers by another Wayne County Circuit Court Judge, Judge David Allen, in *Nowden v. St. John Providence Hospital* (Exhibit 4). Judge Allen, in a medical malpractice case in awarding attorney Jonathan Marko $1,500.00 an hour in a medical malpractice case, stated that “In America, where the CEO of corporate entities make the equivalent of tens of thousands of dollars per hour more than the average worker, a rate of $1,500 per hour for those that net big multi-million dollar verdicts in the legal

arena does not shock the conscience nor outside the realm of reasonableness." Indeed, Mr. Rasor trained and mentored Jonathan Marko for several years. Moreover, Defendant herein, like the Defendant in *St. John Providence Hospital* should not be rewarded for their poor damage control by being able to protest the Plaintiff's appropriate hourly rate.

Likewise, Mr. Rasor is a 95th percentile lawyer who reliably nets multi-million-dollar verdicts, as shown in the chart above. Here also, these factors weigh in favor of an upward adjustment of the lodestar fee. As explained above, Plaintiff prevailed at every critical stage of these proceedings; her attorneys did an excellent job not only at trial but also during the pre-trial proceedings. Also as in *Paschal*, the evidence in this case required an enormous amount of time to collect, organize, and present to the Court. Dozens of documents were introduced into evidence at trial. The claims in this case were highly contested, and an enormous amount of time and effort went into this matter, especially considering the number of motions filed by the Defendant.

Accordingly, Plaintiff respectfully requests an award of attorney's fees based upon all of the hours reflected in their contemporaneous time records which are appended to the Motion as Exhibit 1. In addition, Plaintiff respectfully requests an upward adjustment of the lodestar fees, if, and to the extent, deemed appropriate by this Court.

**C. Plaintiff Should Also Recover Their Costs Incurred in This Litigation.**

Title VII's attorney's fee provision also contemplates the recovery of litigation costs, 42 U.S.C. § 2000e-5(k), especially where, as here, the out-of-pocket litigation expenses are costs that would normally be billed to a fee-paying client and are consequently recoverable in this case. *Northcross v. Board of Education,* 611 F.2d 624,639 (6th Cir. 1979) (explaining recovery of costs under 42 U.S.C. § 1988); *Adcock-Ladd*, 227 F.3d at 349, n. 7 (standards are same under 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k)) (citing *Hensley v. Eckerhart*, 461 U.S. 424,433, n. 7(1983)).. As one Court of Appeals has explained regarding 42 U.S.C. § 1988: "reasonable out-of-pocket expenses not normally absorbed as part of law firm overhead should be reimbursed as attorney's fees under section 1988." *Brown v. Gray*, 227 F.3d 1278,197 (10th Cir. 2000). A prevailing party may recover costs from all phases of litigation: "[A]ll reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983); see also, *Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997); *Downes v. Volkswagen of America*, 41 F.3d 1132, 1144 (7th Cir. 1994).

Such litigation expenses may include the costs of: travel, telephone, and postage, *Dowdell, supra* at 1192; photocopying, *Northcross, supra* at 639; photocopying, mileage, meals and postage, *Sussman, supra* at 1213; postage, long-distance telephone calls, photocopying, attorney travel, paralegals and expert

witnesses, *Downes, supra* at 1144; the work of law clerks and paralegals, *Missouri v. Jenkins,* 491 U.S. 274, 284-289 (1989); lodging, parking, and food, *Palmigiano v. Garrahy*, 707 F.2d 636, 637 (1st Cir. 1983); as well as a variety of other costs attendant to the specific circumstances of the particular case. *Fairley v. Patterson*, 493 F.2d 598,607 (5th Cir. 1974) (awarding the "large costs" of developing a reapportionment plan as "an item of expense unique to this type of suit"); see also, *Dowdell, supra* at 1191-1192 (listing decisions where courts awarded reimbursement for costs such as mileage, photocopying, and hotel expenses). Costs paid to a "third party" other than the attorneys, such as investigation, deposition, and witness expenses, may be recovered pursuant to 28 U.S.C. § 1920. See *Northcross, supra* at 639 ("These [costs] include, among other, docket fees, investigation expenses, deposition expenses, witness expenses, and the costs of charts and maps.")

The litigation costs and out-of-pocket expenses for which Plaintiff seeks reimbursement are set forth in Exhibit 1 to the Motion. They include photocopy expenses, facsimile expenses, transcript expenses, airborne express (overnight mail) charges, court reporter charges, mileage reimbursement, expert witness charges and related expenses, parking, preparation of exhibits and charts used at trial, expert fees, as well as the Court's filing fee, all of which would ordinarily be charged to the client (rather than absorbed as part of overhead). Accordingly, Plaintiff respectfully requests an award of the litigation costs and out-of-pocket expenses summarized in Exhibit 1 to the Motion.

## II. PLAINTIFF’S RECOVERY OF COSTS AND FEES ARE ALTERNATIVELY OBTAINABLE UNDER MICHIGAN'S ELLIOTT-LARSEN ACT.

Plaintiff alternatively requests an award of the attorney fees and costs incurred in this litigation under Michigan's Elliott-Larsen Civil Rights Act, M.C.L. §.2802. Under the case law interpreting and applying the Elliott-Larsen Civil Rights Act, a trial court must consider a request for attorneys' fees “in light of the legislative purposes” which underlie the attorney fee provision. *Yuhase v. Macomb County*, 176 Mich. App. 9, 13 (1989).

The objectives of the Michigan Legislature in enacting the attorney fee provision were twofold: first, “to encourage persons deprived of their civil rights to seek legal redress as well as to ensure victims of employment discrimination access to the courts”; and second, “to obtain compliance with the goals of the act and thereby deter discrimination in the work force.” *King v. General Motors Corp*., 136 Mich. App. 301, 307-308 (1984)(citations omitted). The statute empowers the trial court with broad discretion in deciding a request for attorneys' fees, providing:

> A court, in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate. [M.C.L. § 37.2802]

In exercising its discretion to determine a reasonable attorney fee award, a trial court normally considers several factors which derive from the federal civil rights case law regarding attorney fee awards. *Bowen v. Nelson Credit, Inc.*, 137

Mich. App. 76, 85 (1984). The Michigan Supreme Court has set forth the following six factors: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Wood v. DAIIE,* 413 Mich. 573,588 (1982) (quoting *Crawley v. Schick*, 48 Mich. App. 728, 737 (1973)).

Just as under Title VII, a panel of the Michigan Court of Appeals concluded in *Howard v. Canteen Corp*., 192 Mich. App. 427,481 N.W.2d 718 (1991), that "(t)he most useful starting point for determining the amount of a reasonable attorney's fee is the number of hours reasonably expended on the case multiplied by a reasonable hourly rate." *Id*. at 437.8 In addition, the Michigan Supreme Court recently emphasized that "(a)mong the factors the Court must consider when determining what constitutes a reasonable attorney fee are the results achieved in the case and the nature of the expenses." *McAuley v. General Motors Corp*., 457 Mich. 513, 525 (1998)(citation omitted)(emphasis added). Without belaboring the analysis undertaken above with respect to Title VII, Plaintiff requests attorneys' fees and costs under the Elliott-Larsen Civil Rights just as they did under Title VII - as an alternative, not duplicative, ground.

## CONCLUSION AND RELIEF REQUESTED

For all the foregoing reasons, Plaintiff respectfully requests that her Motion for Order Awarding Attorneys' Fees and Other Costs be GRANTED, and that the

Court award Plaintiff the reasonable attorneys' fees, expenses, and the other out-of-pocket litigation costs set forth in her Motion, as well as such other and additional relief that the Court deems just and appropriate.

Respectfully submitted,

RASOR LAW FIRM, PLLC

*/s/James B. Rasor*
James B. Rasor (P43476)
Amanda G. Washburn (P86984)
Attorneys for Plaintiff
201 E. Fourth St.
Royal Oak, MI 48067
248-543-9000
jbr@rasorlawfirm.com

Date: February 9, 2024

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 9, 2024, she caused this instrument to be served upon counsel of record using the ECF filing system.

*/s/Amanda Washburn*